UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINA COLBERT,
o/b/o JVR, a minor,

       Plaintiff,                              Case No. 18-cv-11050

v.                                                  Paul D. Borman
                                                    United States District Judge

COMMISSIONER OF                     Patricia T. Morris
SOCIAL SECURITY,                      United States Magistrate Judge

       Defendant.
_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S MARCH 27, 2019 REPORT AND RECOMMENDATION (ECF NO. 14), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 15) (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12), (4) GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13), AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER

On March 27, 2019, Magistrate Judge Patricia T. Morris issued a Report and Recommendation to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. (ECF No. 14, Report and Recommendation) ("Report"). On April 9, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 15.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 16.) Having

1

conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 13), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report at 6-19, PgID 702-15, ECF No. 7, Transcript of Social Security Proceedings at 13-21 (hereinafter "Tr. at ___"). The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th

3

Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence,

nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at \*10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his

5

factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III. ANALYSIS

> **Objection No. 1: "The Magistrate erred in recommending the affirmance of the ALJ's finding that Plaintiff's severe impairment did not functionally equal a listing."**

Plaintiff provides the following one-sentence conclusory statement in support of this Objection: "Here, the Magistrate and ALJ erred in finding that JVR's severe impairment of asthma did not functionally equal a listing to find her disabled [] despite overwhelming medical records and testimony to the contrary." (Objs. 2, PgID 734.)[1] This statement is followed by *no* citation to or discussion of record evidence and *no* analytical elaboration. Plaintiff fails to identify a specific error committed by the Magistrate Judge that, if corrected, would demand a different result and fails to "point to specific evidence that demonstrates [Plaintiff] reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). In fact, Plaintiff points to *no* specific medical

---

[1] JVR is the minor claimant and this action is brought by JVR's mother, Nina Colbert. As the Magistrate Judge did, the Court will refer to JVR and Plaintiff as one and the same.

6

evidence in support of this Objection. Her failure to point to specific errors on the part of the Magistrate Judge, or to identify specific medical evidence in support of this Objection, or to develop any argument whatsoever in support of this Objection, results in a waiver of the issue raised. This Objection is OVERRULED.

> **Objection No. 2: "The Magistrate erred when she affirmed the ALJ's finding that JVR's domain of health and physical well being was not extremely limited."**

The Magistrate Judge observed, as did the ALJ, that an "extreme" rating in the sixth domain of functioning, i.e. "health and physical well-being," requires that the underlying impairment (here Asthma) "should meet or medically equal the requirements of a listing in most cases." 20 C.F.R. § 416.926a(e)(3)(iv). Plaintiff cites no authority contesting the conclusion that an extreme rating in this domain requires that JVR's impairments due to her asthma meet or medically equal the requirements of Listing 103.03. In this second Objection, Plaintiff directs the Court to evidence related to JVR's regular use of Prednisone and her need for Xolair injections, but fails to explain how this treatment protocol, which in fact has resulted in improvement of JVR's symptoms, means that JVR's impairment meets or medically equals the listing for Asthma. Plaintiff has failed to demonstrate that the Magistrate Judge erred in finding that the ALJ properly rejected a finding of an extreme limitation. The Magistrate Judge correctly concluded that the ALJ's decision

that Plaintiff has marked, and not extreme, limitations in the domain of health and physical well-being was supported by substantial evidence. This Objection is OVERRULED.

> **Objection No. 3: "The Magistrate erred when she found that the ALJ was not required to obtain an updated consultative examination or opinion, despite the addition of hundreds of pages of new evidence after the last consultative examination."**

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ was not required to obtain an updated medical opinion based on additional evidence presented by the Plaintiff that post-dated the last medical examination in the record. Plaintiff asserts that SSR 96–6p required the ALJ to obtain an updated opinion regarding the severity of JVR's limitations due to her Asthma based upon evidence of her need for regular use of steroids and monthly Xolair injections. Plaintiff continues to assert that the ALJ should have found that Plaintiff's limitation was "extreme" based on her increased need for medication. SSR 96-6p provides, in relevant part:

> [A]n administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert in the following circumstances:
>
> \* When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> \* When additional medical evidence is received that in the opinion of

8

> the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96–6p (S.S.A.), 1996 WL 374180, at *3-4 (July 2, 1996) (footnote omitted).

In this case Plaintiff argues that there was substantial additional medical evidence received and that it should have been evaluated by a medical expert. Specifically, Plaintiff argues that an expert medical opinion should have been obtained to evaluate the additional evidence related to Plaintiff's demonstrated need for Xolair injections and repeated Albuterol treatments to demonstrate equivalence – i.e. that JVR's limitations due to her Asthma met or equaled Listing 103.03. In this case, as discussed *supra*, the analysis of a claimed extreme limitation in the sixth domain of health and physical well-being requires a finding that the limitation meet or equal the Listing and the ALJ engaged in such an analysis here. As discussed *supra*, the Plaintiff has failed to demonstrate how the repeated use of steroids or the need for monthly Xolair injections medically equals the requirements of Listing 103.03. Plaintiff has failed to demonstrate error in the ALJ's finding that JVR had only marked, and not extreme, limitations in the domain of health and physical well-being.

The Sixth Circuit has interpreted SSR 96-6p as requiring an updated medical opinion based on additional record evidence only when the claimant demonstrates either that the additional evidence suggests that the claimant does meet or equal a

listing *or* demonstrates that the additional evidence would have changed the medical opinions in the record. *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012). As discussed at length *supra*, Plaintiff has failed to demonstrate that the repeated Albuterol treatments and the monthly Xolair injections meet or equal Listing 103.03. Moreover, as the Magistrate Judge observed, the ALJ satisfied SSR 96-6p by expressly and carefully considering this additional evidence herself and reaching the conclusion that this evidence supported a finding of a *marked* limitation in JVR's health and well-being, rejecting medical opinions of record that suggested a lesser limitation, but ultimately concluding that JVR's impairments did not meet or equal the severity of Listing 103.03. *Courter*, 479 F. App'x at 724. Also, as the Magistrate Judge notes, Plaintiff does not address other additional evidence suggesting less than an extreme limitation, including multiple teacher reports, and the testimony of JVR and her mother at the hearing, that JVR's Asthma, and her need for treatments, has no effect on her ability to engage in academics and to maintain a 3.5 grade point average and status as an honor roll student at her school. (Tr. 50, 66.)

"The regulations [give] the ALJ discretion to decide whether to order an examination . . . ." *Moon v. Comm'r of Soc. Sec.*, No. 16-cv-13732, 2018 WL 1406840, at *4 (E.D. Mich. March 21, 2018) (citing 20 C.F.R. § 404.1519a(b) (2015)). The Magistrate Judge correctly concluded that the ALJ did not err by not

10

ordering an updated consultative examination where the Plaintiff fails to demonstrate that the additional evidence suggested that the severity of JVR's limitations meet or equal Listing 103.03's requirements and fails to develop any reasoned argument in support of the suggestion that evidence of regular use of Albuterol and monthly Xolair injections would have led a medical expert to find an extreme limitation in the domain of physical health and well-being. This Objection is OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 15);
(2) ADOPTS the Report and Recommendation (ECF No. 14);
(3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12);
(4) GRANTS Defendant's Motion for Summary Judgment (ECF No. 13);
(5) AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2019